UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
                                              :

RIVERKEEPER, INC.,                      :

                :

         Plaintiff,              :       11 Civ. 5109 (VLB)

                :       ECF Case

   - v. -                    :

                :       **COMPLAINT FOR**

OFFICE OF MANAGEMENT AND BUDGET   :       **DECLARATORY**

                :       **AND INJUNCTIVE**

        Defendant.            :       **RELIEF**

                :

-----------------------------------------------------------------------x

Plaintiff Riverkeeper, Inc. ("Riverkeeper") by and through its undersigned attorneys hereby alleges as follows:

## INTRODUCTORY STATEMENT

1.     Riverkeeper asserts violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*, by Defendant Office of Management and Budget ("OMB"), a federal agency situated within the Executive Office of the President of the United States.

2.     On May 19, 2011, Riverkeeper requested that OMB comply with FOIA by providing records relating to OMB's involvement in reviewing and altering a draft federal regulation proposed by the Environmental Protection Agency ("EPA") to limit the number of fish and other aquatic organisms that are slaughtered each year in the cooling water intake structures of power plants and major industrial facilities throughout the United States.

1

3.      Industrial cooling water systems are, by far, the largest source of water withdrawals in the United States, drawing in excess of 200 billion gallons per day or 75 trillion gallons per year from America's rivers, lakes, and oceans.  Steam-electric power plants use the vast majority of this massive volume of water, accounting for 93 percent of total saltwater use and 41 percent of total freshwater use nationwide.

4.      The largest plants in the country can draw enough water from a river to fill an Olympic swimming pool in less than 30 seconds.  It is no wonder, then, that every year, hundreds of billions of juvenile fish, larvae, eggs and other aquatic organisms – including the young of many threatened and endangered species – are trapped and killed by the incredibly powerful pumps at such facilities.

5.      In the Clean Water Act of 1972, Congress ordered EPA to minimize the devastating environmental impact that cooling water intake structures have on America's waters by setting nationally uniform and binding regulations.  Forty years later, EPA is finally poised to act on this command.  The agency has published in the Federal Register a draft of its rule to regulate cooling water intake structures at existing facilities.

6.      But records revealed by EPA make it clear that OMB played a substantial role in modifying the substance of EPA's proposed rule.  OMB altered or deleted technical and scientific conclusions reached by EPA's expert staff in a manner that severely weakens the regulation.  Review of the records in OMB's possession is critical if Riverkeeper, its members, and allies are to submit thorough and constructive comments to the EPA on the draft regulation.

7.      In all of its communications with OMB, Riverkeeper has reiterated that time is of the essence in responding to this request because the window to submit

comments to EPA is brief (it closes on August 18, 2011, after an extension from the original closing date of July 19, 2011).

8.     OMB's response has been wholly inadequate. Apart from acknowledging initial receipt of Riverkeeper's request, the agency has failed to communicate with Riverkeeper in any way, failed to provide any records in response to Riverkeeper's FOIA request, and otherwise failed to provide Riverkeeper with a determination of its request.

<u>**JURISDICTION AND VENUE**</u>

9.     This Court has jurisdiction over this action, and venue is proper in the District Court for the Southern District of New York, pursuant to 5 U.S.C. § 552(a)(4)(B), in that Riverkeeper's principal place of business is in the District.

10.     Under FOIA, this court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

<u>**PARTIES**</u>

11.     Riverkeeper is a not-for-profit environmental organization existing under the laws of the state of New York, headquartered in Ossining, New York. It has more than 4,000 members, many of whom use and enjoy waterways such as the Hudson River that serve as cooling water intake sources and suffer the devastating ecological consequences.

12.     Riverkeeper's mission includes safeguarding the environmental, recreational and commercial integrity of the Hudson River and its ecosystem. It achieves its mission through public education, advocacy for sound public policies and participation in legal and administrative forums.

13.     Riverkeeper routinely uses FOIA to obtain information from federal agencies, which Riverkeeper's legal and scientific experts analyze in order to inform Riverkeeper's members and the public about a range of water conservation, pollution, and aquatic ecosystem protection issues.

14.     Riverkeeper brings this action on its own behalf and on behalf of its members.  Riverkeeper and its members have been and continue to be injured by OMB's failure to provide responsive records.  The requested relief will redress these injuries.

15.     Defendant OMB is a federal agency within the meaning of FOIA and has possession or control of records that Riverkeeper seeks in this action.

## STATUTORY FRAMEWORK

16.     FOIA requires agencies of the federal government to release, upon request, information to the public, unless one of nine specific statutory exemptions applies.  5 U.S.C. § 552(a)(3)(A).  These exemptions are narrowly construed, and the agency bears the burden of establishing the applicability of each exemption as to each document for which it is claimed.

17.     Upon receiving a FOIA request, an agency has twenty working days to respond by determining whether responsive documents exist and whether the agency will release them.  5 U.S.C. § 552(a)(6)(A).  If the agency denies the FOIA request, the requester is entitled to appeal the determination within thirty days.  FOIA requires the agency to make a determination with respect to an appeal within twenty working days.  5 U.S.C. § 552(a)(6)(A)(ii).

18.     FOIA does not permit an agency to delay an initial response or an appeal determination for longer than ten working days past the statutory deadline, and then only

if the agency can demonstrate that it faces "unusual circumstances."  5 U.S.C. §

552(a)(6)(B).  "Unusual circumstances" include the need to search for and collect

requested documents from other offices, the need to appropriately examine a voluminous

amount of separate and distinct records, and the need to consult with another agency.  5

U.S.C. § 552(a)(6)(B)(iii)(I-III).  Even under "unusual circumstances," however, an

agency must provide notice of the delay and also provide "the date on which a

determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(B)(i).

19.     A requester is entitled to a waiver of fees associated with responding to a

FOIA request when the information sought "is likely to contribute significantly to public

understanding of the operations or activities of the government and is not primarily in the

commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).

20.     Further, an agency cannot assess fees against a requester if it does not

respond to the request within the time established by FOIA. *See* 5 U.S.C. §

552(a)(4)(A)(viii).

21.     When an agency denies, in whole or in part, a request for records under

FOIA, the agency must make a "reasonable effort to estimate the volume of any

requested matter the provision of which is denied, and shall provide any such estimate to

the person making the request."  5 U.S.C. § 552(a)(6)(F).

22.     FOIA expressly provides that a requester "shall be deemed to have

exhausted his administrative remedies . . . if the agency fails to comply with the

applicable time limit provisions" governing its response to a FOIA request or an appeal.

5 U.S.C. § 552(a)(6)(C).

## STATEMENT OF FACTS

**A.**    **Cooling Water Intake Structures Kill Billions of Fish Every Year.**

23.    The Second Circuit has concluded previously that "[t]he environmental impact of [cooling water intake] systems is staggering: A single power plant might impinge a million adult fish in just a three-week period, or entrain some 3 to 4 billion smaller fish and shellfish in a year, destabilizing wildlife populations in the surrounding ecosystem." *Riverkeeper v. EPA*, 358 F.3d 174, 181 (2d Cir. 2004).

24.    Because cooling water intake structures remove such extraordinarily large amounts of water from natural waterbodies, their withdrawals necessarily affect the full spectrum of organisms in the aquatic ecosystem at all life stages: phytoplankton (tiny, free-floating photosynthetic organisms); zooplankton (small aquatic organisms that consume phytoplankton); fish, shellfish, crustaceans, reptiles (such as sea turtles) and marine mammals (such as seals and sea lions) at all life stages, including eggs, larvae, juvenile, and adult; and many other forms of aquatic life, including threatened, endangered and other protected species.  Cooling water intake structures kill billions of fish, destroy habitats, and destabilize aquatic populations.

25.    EPA has identified 88 threatened or endangered species at risk from cooling water intakes, which is more than a third of the threatened or endangered species that EPA has assessed.

26.    By the EPA's highly conservative estimates, industrial cooling water withdrawals annually result in the death of at least 2.2 billion age one-equivalent fish, crabs, and shrimp, and a minimum of 528 billion eggs and larvae that serve as the basis

of the aquatic food chain.  In many cases, the toll on fisheries by power plants rivals or exceeds that of the fishing industry.

**B.**     **OMB is Significantly Involved in Regulating Cooling Water Intake Structures.**

27.     Before publishing its proposed regulation in the Federal Register, EPA provided a copy of the rule to OMB. OMB coordinated the federal government's inter-agency review process and provided suggestions and recommendations on the rule to EPA.  EPA then made various modifications to the proposed regulation, and published the modified proposal in the Federal Register on April 20, 2011.

28.     Presidential Executive Order 12866 directs federal agencies to identify for the public all substantive changes made at the suggestion or recommendation of OMB during its review of a draft federal regulatory action.  Pursuant to this order, EPA released a draft of the proposed cooling water intake structure regulation that it had submitted to OMB, marking all subsequent changes made at the suggestion and recommendation of OMB.

29.     The changes indicated by EPA show that OMB played a substantial role in modifying the proposed rule.  OMB consistently suggested or recommended that EPA alter or delete technical and scientific conclusions reached by its expert staff in a manner that severely weakens the regulation.

30.     For example, EPA's staff put forth a cogent and thorough technical explanation for why all new power generating units built at *existing* power plants should be subject to the same strict cooling water regulations that already apply to new units built at entirely *new* power plants.  But at OMB's recommendation, EPA limited the

application of strict cooling water regulations to a very small subset of new power generating units at existing plants and deleted the technical determination of its own staff.

**C.** **Riverkeeper Requested Documents Related to OMB's Involvement in the Development of Cooling Water Intake Structure Regulations.**

31. Executive Order 12866 also requires OMB's Office of Information and Regulatory Affairs ("OIRA") to make available to the public, after publication of a proposed rule in the Federal Register by another federal agency, "all documents exchanged between OIRA and the agency during review by OIRA." § 6(b)(4)(D).

32. On May 19, 2011, Riverkeeper submitted a FOIA request to OMB asking that OIRA make available for inspection and copying (1) all documents exchanged between OIRA and the EPA during the interagency review of EPA's proposed cooling water intake structure and (2) all documents received by OMB from any member of the public regarding EPA's rulemaking. *See* Exhibit A, attached hereto and hereby incorporated by reference as if fully set forth herein.

33. Given the exigencies of the public comment period on EPA's proposed rule, which at that time was to close on July 19, 2011, Riverkeeper asked OMB to make all responsive documents available as soon as possible.

34. Riverkeeper also requested that OMB waive any fees, pursuant to FOIA, because "disclosure of the information is in the public interest[,] because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest" of Riverkeeper. 5 U.S.C. § 552(a)(4)(A)(ii)(II).

**D.**     **OMB Did Not Respond Adequately to Riverkeeper's Request.**

35.     On May 20, 2011, OMB acknowledged Riverkeeper's May 19, 2011

FOIA request.  But OMB stated only that Riverkeeper's request had been received and

had been assigned FOIA Number 11-121.  *See* Exhibit B, attached hereto and hereby

incorporated by reference as if fully set forth herein.  OMB did not determine whether it

possesses responsive documents, whether it would release them to Riverkeeper, or

whether it would honor Riverkeeper's request for a waiver of fees.

36.     More than twenty working days passed, but OMB did not communicate

further with Riverkeeper.

37.     On June 28, 2011, Riverkeeper contacted OMB again by electronic mail,

facsimile, and first class mail.  *See* Exhibit C, attached hereto and hereby incorporated by

reference as if fully set forth herein.  Riverkeeper repeated its document and fee waiver

requests of May 19, 2011, and noted that, aside from the initial acknowledgement, OMB

had made no response within the twenty working day period allotted under FOIA and

therefore was in violation of that law.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

38.     Riverkeeper again emphasized that time was of the essence in obtaining

documents from OMB because the window to review and use those documents during the

public comment period on the cooling water intake structure rule would soon close.

39.     OMB did not respond to Riverkeeper's second letter.

40.     Riverkeeper contacted OMB a third time by e-mail, facsimile, and first

class mail on July 18, 2011.  *See* Exhibit D, attached hereto as if fully set forth herein.

Riverkeeper reiterated its earlier requests and cautioned that unless OMB responded

promptly, it could see no option but to seek a court order compelling OMB to provide all records responsive to Riverkeeper's May 19, 2011 FOIA request.

## CLAIM FOR RELIEF

41.     Riverkeeper realleges and incorporates the allegations of all the preceding paragraphs of this Complaint as if fully set forth herein.

42.     By failing to provide all records responsive to Riverkeeper's May 19, 2011, FOIA request, OMB has violated FOIA's mandate to release agency records to the public.  *See* 5 U.S.C. § 552(a)(6).

43.     Under FOIA, OMB is required to grant Riverkeeper's request for a fee waiver with respect to its May 19, 2011 FOIA request because the information sought "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester" and because OMB failed to respond to Riverkeeper within the twenty day period mandated by FOIA.  5 U.S.C. §§ 552(a)(4)(A)(iii), (viii).

44.     Riverkeeper is entitled to obtain the requested records immediately at no cost.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter a judgment:

(1)  declaring that Defendant OMB has violated FOIA by failing to provide all records responsive to Riverkeeper's FOIA request;

(2)  declaring that Defendant OMB has failed to comply with the 20-day time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i);

(3)  declaring that Defendant OMB cannot assess search or duplication fees in relation to Riverkeeper's FOIA request;

(2)  ordering that Defendant OMB make all the requested records available to Riverkeeper immediately and at no cost to Riverkeeper;

(3)  awarding Plaintiff its litigation costs and reasonable attorneys' fees in this action; and

(4)  ordering such other relief as the Court may deem just and proper.


Dated: July 25, 2011
       New York, NY

Respectfully submitted,


_____s/_____
Reed W. Super (RS 3615)
SUPER LAW GROUP, LLC
131 Varick Street, Suite 1001
New York, NY 10013
Phone:  (212) 242-2273
Fax:  (646) 478-9258
Email:  reed@superlawgroup.com

*Attorneys for Plaintiff, Riverkeeper, Inc.*

11

# EXHIBIT A

# SUPER LAW GROUP, LLC

WRITER'S DIRECT DIAL: 212-242-2273
EMAIL: reed@superlawgroup.com

May 19, 2011

**VIA FIRST CLASS MAIL AND FACSIMILE**

Dionne Hardy, FOIA Officer
Office of Management and Budget
725 17th Street NW, Room 9026
Washington, DC 20503

> Re: <u>OIRA Docket for Interagency Review of EPA's Proposed Regulations for
> Cooling Water Intake Structures at Existing Facilities and Phase I Facilities
> (RIN 2040-AE95; EPA-HQ-OW-2008-0667; FRL-9289-2)</u>

Dear FOIA Officer Hardy:

I am writing on behalf of Riverkeeper, Inc., to request access to records in the possession of the Office of Information and Regulatory Affairs (OIRA) for inspection and copying pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and Executive Order (EO).   In particular, we request that OIRA make available:

(1)     all documents exchanged between OIRA and the Environmental Protection Agency (EPA) during interagency review for EPA's proposed cooling water intake structure rule (RIN 2040-AE95); and

(2)     all documents received from January 1, 2009 to present from any member of the public regarding EPA's 316(b) rulemaking.

EO 12866 requires OIRA to make available to the public, after a notice of proposed rulemaking is published in the Federal Register, "all documents exchanged between OIRA and the agency during review by OIRA under this section."  § 6(b)(4)(D).  The Federal Register published EPA's proposed regulation on April 20, 2011.

We hereby request that any fees be waived pursuant to FOIA section 552(a)(4)(A)(i) because the disclosure of the requested information is in the public interest, is likely to contribute significantly to public understanding of the operations and activities of the government, and is not in the commercial interest of the requester.  Riverkeeper, Inc. is a not-for-profit environmental organization and has no commercial interests.

In connection with this FOIA request, I also request the following:

(1)     If there are any records responsive to this request that can be emailed to me in electronic form, please do so.  My email address is reed@superlawgroup.com.

Dionne Hardy, FOIA Officer
May 19, 2011
Page 2

     (2)     If for any reason any portion of my request is denied, please provide a log of the records being withheld, inform me in writing, with respect to each such record, the reasons for the denial, and provide the name, address and email address of the person or body to whom an appeal should be directed.

     (3)     If there is any confusion about this request, please contact me as soon as possible so that I may clarify my request.

I believe this request reasonably describes identifiable records and I am aware of no express provision of law exempting the records from disclosure.  In particular, documents exchanged between EPA and OIRA plainly do not fall within the FOIA exclusion for "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  Under EO 12866, OIRA is obligated by law to release these particular inter-agency memoranda and letters to the public (*see* § 6(b)(4)(D)) and thus the Executive has waived any claim of privilege.

Given the exigencies of the public comment period for the proposed rule and the plain requirements of Executive Order 12866 and FOIA § 552(a)(6)(A), we request that you make the referenced documents available for inspection, or respond in writing to explain your failure to do so, as soon as possible but in no case later than twenty days from the date of this request.

I hope that you will be able to provide me with the requested materials at the earliest possible date.  If there is anything I can do to facilitate this request, do not hesitate to call me at 212-242-2273.

Thank you for your attention to this matter.

                                    Very truly yours,

                                      Reed W. Super

cc (via email):
        Michael Fitzpatrick, OIRA
        Dominic Mancini, OIRA
        Jim Laity, OIRA
        Richard Witt, EPA OGC

# EXHIBIT B



**EXECUTIVE OFFICE OF THE PRESIDENT**
OFFICE OF MANAGEMENT AND BUDGET
WASHINGTON, D.C. 20503

May 20, 2011

Mr. Reed W. Super
Super Law Group, LLC
131 Varick Street
Suite 1001
New York, New York  10013

Dear Mr. Super:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) request to the Office of Management and Budget (OMB) dated May 19, 2011, which was received in OMB's FOIA office on May 20, 2011.  Your request has been logged in and is being processed.  For your reference, the OMB FOIA number is 11-121.

If you have any questions, please feel free to contact me at 202-395-3642.

Sincerely,

Dionne Hardy
FOIA Officer

# EXHIBIT C

# Super Law Group, LLC

Writer's Direct Dial: 212-242-2273
Email: reed@superlawgroup.com

June 28, 2011

**VIA FIRST CLASS MAIL AND FACSIMILE**

Dionne Hardy, FOIA Officer
Office of Management and Budget
725 17th Street NW, Room 9026
Washington, DC 20503

      Re:    <u>OMB FOIA No. 11-121</u>
            **Failure to Respond to FOIA Request by Statutory Deadline**
            (OIRA Docket for Interagency Review of EPA's Proposed
            Regulations for Cooling Water Intake Structures at Existing
            Facilities and Phase I Facilities)

Dear FOIA Officer Hardy:

I am writing on behalf of Riverkeeper, Inc., regarding the FOIA request we submitted on May 19, 2011, pursuant to the Freedom of Information Act (5 U.S.C. § 552) and your office's regulations implementing that law (5 C.F.R. § 1303). We requested that the Office of Information and Regulatory Affairs (OIRA) disclose: (1) all documents exchanged between OIRA staff and Environmental Protection Agency (EPA) staff during interagency review for EPA's proposed cooling water intake structure regulation (RIN 2040-AE95); and (2) all documents received by OMB from January 1, 2009 to present from any member of the public regarding EPA's Clean Water Act section 316(b) rulemaking.

Our request was sent by facsimile as well as by first class mail. On May 20, 2011, you send an initial response that acknowledged receipt as of that same date. Your May 20th letter also stated that our request had been logged and was being processed. The OMB FOIA number is 11-121.

More than 20 business days have passed since you acknowledged receipt, however your office has failed to provide the requested documents or otherwise notify us of your determination and the reasons therefor. Consequently, you have failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i). Time is of the essence as we seek the requested documents in order to enable Riverkeeper and others to comment on EPA's proposed regulation in a fully-informed manner. The public comment period on EPA's regulation ends on July 19, 2011. Accordingly, we ask that you please respond immediately and provide the information we requested more than one month ago.

Dionne Hardy, FOIA Officer
June 28, 2011
Page 2

Although we do not intend to resort to litigation immediately, if the information is not forthcoming shortly you will leave us with no option other than filing suit to compel you to release the information.

Moreover, since our FOIA request included a request for a fee waiver,[1] we note that OMB can no longer deny the fee waiver and cannot assess search or duplication fees in relation to this request, given that OMB failed to comply with the 20-day time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i). *See* 5 U.S.C. § 552(a)(4)(A)(viii).

Thank you for your prompt attention to this matter.

Very truly yours,

Reed W. Super

cc (via email):
     Michael Fitzpatrick, OIRA
     Dominic Mancini, OIRA
     Jim Laity, OIRA
     Richard Witt, EPA OGC

---

[1] The requested records concern "the operations or activities of the Government," 5 C.F.R. § 1303.70, and the disclosure of the requested information is in the public interest and would be "likely to contribute significantly to public understanding of the operations and activities of the government," 5 U.S.C. § 552(a)(4)(A)(iii), because Riverkeeper intends to disseminate any newsworthy information in the released records, and its analysis of such records, to its member base and to the broader public. In this regard, Riverkeeper gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Riverkeeper does this through many communications channels, including but not limited to: disseminating information on water quality issues through its website (http://www.riverkeeper.org), its power plant fish kill blog (http://www.powerplantsthatsuck.org), and through its substantial member alert program which includes monthly e-newsletters, action alerts and event announcements and updates, just to name a few. As Riverkeeper's long history of incorporating information obtained through FOIA into reports, articles and other communications illustrates, Riverkeeper is well prepared to convey to the public any relevant information it obtains through this records request.

# EXHIBIT D

# SUPER LAW GROUP, LLC

WRITER'S DIRECT DIAL:  212-242-2273
EMAIL: reed@superlawgroup.com

July 18, 2011

**VIA FIRST CLASS MAIL AND FACSIMILE**

Dionne Hardy, FOIA Officer
Office of Management and Budget
725 17th Street NW, Room 9026
Washington, DC 20503

> Re:   OMB FOIA No. 11-121 - **Notice of Imminent Litigation;**
> **Failure to Respond to FOIA Request by Statutory Deadline**
> (OMB Docket for Interagency Review of EPA's Proposed Regulations for
> Cooling Water Intake Structures at Existing Facilities and Phase I
> Facilities)

Dear FOIA Officer Hardy:

I am writing on behalf of Riverkeeper, Inc., regarding the FOIA request we submitted on May 19, 2011, pursuant to the Freedom of Information Act (5 U.S.C. § 552) and your office's regulations implementing that law (5 C.F.R. § 1303). Our request was sent by facsimile and first class mail. On May 20, you sent an initial response acknowledging receipt as of that day. Your May 20 letter also stated that our request had been logged and was being processed. The OMB FOIA number is 11-121.

After more than 20 business days passed without any further response from you, I sent a follow-up letter on June 28, 2011. In that letter, I reiterated that time is of the essence in obtaining the requested documents because they pertain to a rule proposed by the Environmental Protection Agency that is only open for comment for a limited time. I also noted that, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii), by failing to respond within 20 business days OMB waived its opportunity to deny Riverkeeper's fee waiver request and cannot assess search or duplication fees in relation to this request.

Although a response from your office is now long overdue, we still have not heard from you, save for your initial acknowledgement sent on May 20. Given the pressing need for the requested documents to enable Riverkeeper to provide EPA with informed comments within the established deadline, you have left us with no option other than seeking a court order compelling you to release all of the documents that are

Dionne Hardy, FOIA Officer
July 18, 2011
Page 2

responsive to our request. In a final effort to avoid litigation, I ask that by this Thursday,
July 21, your office disclose all documents exchanged between OIRA staff and
Environmental Protection Agency (EPA) staff during interagency review for EPA's
proposed cooling water intake structure regulation (RIN 2040-AE95); and all documents
received by OMB from January 1, 2009 to present from any member of the public
regarding EPA's Clean Water Act section 316(b) rulemaking.

      Please contact me at once if you wish to resolve this matter short of litigation.

                                       Very truly yours,

                                       Reed W. Super

cc (via e-mail):
        Lauren Wright, OMB
        Michael Fitzpatrick, OIRA
        Dominic Mancini, OIRA
        Jim Laity, OIRA
        Richard Witt, EPA OGC